UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARTUR SARGSYAN, | CASE NO. 2:25-cv-1257-JNW |
| Plaintiff, | ORDER |
| v. | |
| AMAZON.COM INC, | |
| Defendant. | |

Plaintiff's motion to "proceed toward default judgment without U.S. Marshal service" comes before the Court. Dkt. No. 26.

On September 16, 2025, the Court directed the Clerk of the Court to send the following to Defendant by first class mail: (a) a copy of Plaintiff's complaint, (b) a copy of this Order, (c) two copies of the notice of lawsuit and request for waiver of service of summons, (d) a waiver of service of summons, and (e) a return envelope, postage prepaid, addressed to the Clerk's Office. Dkt. No. 15. The Clerk mailed these documents on September 17, 2025. Consistent with Federal Rule of Civil Procedure 4(d), the Court gave Defendant 30 days from the day the documents were

**ORDER** - 1

sent to respond. Otherwise, the Court would direct service by the U.S. Marshals. *Id.* Defendant did not respond within 30 days.

Plaintiff misunderstands Rule 4(d). The waiver process is optional for defendants. When a defendant returns a signed waiver, service is complete. When a defendant does not return a waiver, service has not been accomplished. The plaintiff must still effect service through other authorized means under Rule 4. Only after valid service is established may default proceedings begin. The consequence of a defendant's refusal to waive service is that the defendant may be ordered to pay the costs of service under Rule 4(d)(2)—not that service is deemed complete. Thus, there is no legal basis to "proceed" without serving Defendant, as Plaintiff requests.

Consistent with its prior order, Dkt. No. 15, the Court ORDERS the U.S. Marshals to serve Defendant. The address for Amazon.com, Inc.'s office is <u>410 Terry Avenue North, Seattle, Washington 98109</u>.

Finally, it appears Plaintiff has cited made-up case law, as the Court is unable to verify the existence of "Board of Trustees v. RBS Group, 2008 WL 5127215" in any legal database. *See* Dkt. No. 26 at 2. Citation to fake or "hallucinated" legal authority violates Federal Rule of Civil Procedure 11(b)(2), which requires that legal contentions be warranted by existing law. Any future citations to fake law will subject Plaintiff to sanctions under Rule 11.

1  The Court DENIES Plaintiff's motion. Dkt. No. 26.

2  Dated this 17th day of October, 2025.

       Jamal N. Whitehead
       United States District Judge

ORDER - 3