1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARTUR SARGSYAN,

              Plaintiff,

     v.

AMAZON.COM INC,

              Defendant.

CASE NO. 2:25-cv-1257-JNW

ORDER

      Plaintiff Artur Sargsyan has repeatedly filed frivolous motions, attempting to proceed with this case even though Defendant has not been served. Dkt. Nos. 17; 19; 21; 22; 26; 28. On October 22, 2025, the Court warned Sargsyan that if he kept filing these frivolous motions, the Court would impose filing restrictions or sanctions. Dkt. No. 29. On October 28, 2025, despite the Court's warning, Sargsyan moved for default judgment. Dkt. No. 31. He also emailed chambers, ex parte, requesting the same relief.

      "Flagrant abuse of the judicial process cannot be tolerated because it enables one person to preempt the use of judicial time that properly could be used to consider the meritorious claims of other litigants." *DeLong v. Hennessey*, 912 F.2d

ORDER - 1

1144, 1148 (9th Cir. 1990). To that end, district courts have inherent power to enter pre-filing orders against vexatious litigants with abusive litigation histories. 28 U.S.C. § 1651(a); *Weissman v. Quail Lodge, Inc.*, 179 F.3d 1194, 1197 (9th Cir. 1999). Such an order should be entered only when (1) the litigant has received notice and a chance to be heard before the order is entered, (2) there is "an adequate record for review," (3) the court has made "substantive findings as to the frivolous or harassing nature of the litigant's actions," and (4) the vexatious litigant order is narrowly tailored to the litigant's wrongful behavior. *DeLong*, 912 F.2d at 1147–48.

The Court notified Sargsyan that it would impose filing restrictions if he continued to file meritless motions in this case. Dkt. No. 29. Sargsyan subsequently filed a baseless motion, thus reflecting his complete indifference to the Court's admonitions. Second, there is an adequate record to demonstrate Sargsyan's frivolous conduct, and his rampant disregard for the Court's previous orders. *See* Dkt. No. 31. Finally, given Sargsyan's repeated abuses, the Court finds it necessary to enter an order limiting his ability to make frivolous filings in this case.

Accordingly, the Court ORDERS Sargsyan to SHOW CAUSE by November 17, 2025, why the Court should not find that he is a vexatious litigant and impose filing restrictions against him in this case. *DeLong*, 912 F.2d at 1147–48. Failure to show cause on or before the deadline will result in a vexatious litigant finding and filing restrictions.

The Court FURTHER ORDERS Plaintiff to comply with Local Civil Rule 7 when requesting relief—Plaintiff may not email the Court ex parte to request relief. The motion at Dkt. No. 31 is DENIED.

ORDER - 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

The Clerk is directed to place this Order to Show Cause on the Court's

calendar for 14 days from the date of this Order.

Dated this 3rd day of November, 2025.

_____
Jamal N. Whitehead
United States District Judge

ORDER - 3