# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON

**Artur Sargsyan,**
Plaintiff,

**v.**
**Amazon.com, Inc.,**
Defendant.

Case No. 2:25-cv-01257-JNW

# PLAINTIFF'S FINAL EXPANDED RESPONSE TO SHOW CAUSE ORDER
# (Filed Pursuant to the Court's Order dated November 3, 2025)

## I. Introduction and Respect Toward the Court

Plaintiff Artur Sargsyan, appearing pro se and in forma pauperis under 28 U.S.C. §1915, respectfully submits this final, expanded response to the Court's Show Cause Order. Plaintiff expresses profound respect to this Honorable Court and to Judge Jamal N. Whitehead for the fairness, patience, and professionalism demonstrated throughout this case. Plaintiff's intent has never been to burden the Court, but to ensure transparency, compliance with procedural law, and the fair recovery of his lawfully paid funds.

## II. Clarification on Previous vs. Current Service Evidence

Plaintiff clarifies that the earlier motion referenced acknowledgment from *cs-reply@amazon.com*, a customer support address, which does not represent Amazon's legal authority. By contrast, Motion #31 includes acknowledgment from Amazon's Legal Department via *legal@amazon.com*, an internal legal office responsible for litigation. This is a material change: the current acknowledgment originates from an entity authorized to receive and process litigation materials under FRCP 4(h)(1)(B). Thus, the present filing is not repetitive but a correction and completion of service based on valid, newly-submitted evidence.

### III. Plaintiff's Financial Limitations and Marshal Suspension

The Court has acknowledged Plaintiff's indigent status under §1915. Plaintiff cannot afford physical or postal service costs. Although the Court initially ordered the U.S. Marshals Service to execute service, Marshal operations were later suspended due to funding interruption—leaving Plaintiff without a viable method of reservice. Certified bank statements and an Armenian arbitration enforcement order further prove Plaintiff's inability to pay. Therefore, written acknowledgment from Amazon's Legal Department remains the only available, good-faith, and lawful proof of service.

### IV. Rule 4(h)(1)(B), Rule 4(l)(3), and Rule 1—Legal Basis for Recognizing Actual Notice

Rule 4(h)(1)(B) permits service upon a corporation by delivering the summons and complaint to an officer, managing or general agent, or any agent authorized by appointment or by law to receive service. Rule 4(l)(3) authorizes the Court to permit proof of service to be amended. Rule 1 mandates that the Rules be employed to secure the just, speedy, and inexpensive determination of every action. Here, Amazon's Legal Department has acknowledged receipt of the summons and complaint, thereby fulfilling the purpose of service—notice and opportunity to respond.

### V. Plaintiff's Good Faith and Diligence

Plaintiff has consistently acted in good faith and with full transparency. His filings stem from necessity, not obstinacy. He has complied with court directives to the extent possible, given the suspension of Marshal operations and his indigency. Reliance on Amazon Legal's acknowledgment is a reasonable and lawful substitute under the present circumstances. Penalizing Plaintiff for conditions beyond his control would contradict the equitable spirit of Rule 1 and §1915.

### VI. Purpose of Service Fully Met

The core objective of Rule 4 is to ensure Defendant's awareness of the action and the opportunity to respond. Amazon's Legal Department explicitly confirmed receipt of the summons and complaint and logged the matter internally. Thus, the substance of service has been achieved. Requiring duplicate service would only delay justice and impose costs that Plaintiff cannot bear.

### VII. Supporting Judicial Practice

Federal courts, including within the Ninth Circuit, have recognized that acknowledgment by a corporation's legal department can satisfy Rule 4(h) where formal service is impracticable. See, e.g., Direct Mail Specialists v. Eclat Computerized Techs., 840 F.2d 685 (9th Cir. 1988).

These authorities support deeming service sufficient when an authorized legal entity has confirmed receipt.

## VIII. Integrity and Respect for the Court

Plaintiff values the Court's guidance and has followed its directions. This filing is not a challenge to prior orders but an honest explanation of compliance and hardship. Plaintiff's purpose is not to delay but to demonstrate lawful service in the only available manner, consistent with Rules 1 and 4.

## IX. Request for Recognition of Completed Service and Relief

Plaintiff respectfully requests that the Court recognize the *legal@amazon.com* acknowledgment as valid proof of service under FRCP 4(h)(1)(B) and exercise its discretion under Rule 4(l)(3) to deem service complete. Given Defendant's actual knowledge, requiring reservice would serve no meaningful purpose and would contravene Rule 1's mandate for a just, speedy, and inexpensive resolution.

## X. Conclusion and Prayer for Relief

For these reasons, Plaintiff respectfully prays that the Court: (1) refrain from imposing restrictions or dismissal; (2) recognize that Amazon.com, Inc. has been properly notified under FRCP 4(h)(1)(B); (3) acknowledge Plaintiff's indigent status and inability to perform additional service; and (4) accept the acknowledgment from *legal@amazon.com* as valid service and allow the case to proceed toward default judgment.

Respectfully submitted,

/s/ Artur Sargsyan
Plaintiff, Pro Se
Phone: +374 93 079 997
Email: artursargsyan34100@gmail.com
Date: November 5, 2025