UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| ARTUR SARGSYAN,<br><br>                    Plaintiff,<br><br>          v.<br><br>AMAZON.COM INC,<br><br>                    Defendant. | CASE NO. 2:25-cv-1257-JNW<br><br>ORDER GRANTING AMAZON'S<br>MOTION TO DISMISS |

## 1.  INTRODUCTION

Plaintiff Artur Sargsyan, proceeding pro se, alleges that on April 27, 2025, he paid Defendant Amazon.com, Inc. $218,889 via Visa debit card for consumer electronics but received no order confirmation, no products, and no refund. Dkt. No. 45 ¶¶ 10, 16, 19. His bank statement reflects a charge with the descriptor "AMAZON MKTPLACE PMTS, US." *Id.* ¶ 10. Amazon's customer service representatives allegedly provided contradictory responses—first stating the payment was tied to a different Amazon account, then denying receipt altogether. *Id.* ¶ 22. The First Amended Complaint ("FAC") asserts two claims: (1) unjust

ORDER GRANTING AMAZON'S MOTION TO DISMISS - 1

enrichment, and (2) breach of an express electronic contract based on Amazon's Conditions of Use ("COU"). *Id.* ¶¶ 44, 49.

Amazon moves to dismiss both claims under Federal Rule of Civil Procedure 12(b)(6). Dkt. 48. Sargsyan opposes. Dkt. 50. Having reviewed the motion, opposition, reply, Dkt. No. 51, and the rest of the record, the Court GRANTS the motion IN PART.

## 2.  LEGAL STANDARD

To survive a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). The plausibility standard is less than probability, "but it asks for more than a sheer possibility" that a defendant did something wrong. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citations omitted). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.* (quoting *Twombly,* 550 U.S. at 557). In other words, a plaintiff must plead "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.*

When considering a motion to dismiss, the Court accepts factual allegations in the complaint as true and construes them in the light most favorable to the plaintiff. *Lund v. Cowan*, 5 F.4th 964, 968 (9th Cir. 2021). But courts "do not assume the truth of legal conclusions merely because they are cast in the form of

factual allegations." *Fayer v. Vaughn*, 649 F.3d 1061, 1064 (9th Cir. 2011). Thus, "conclusory allegations of law and unwarranted inferences are insufficient to defeat a motion to dismiss." *Id.* (internal quotation marks omitted).

A pro se complaint must be construed liberally. *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985). But liberal construction does not require the Court to supply essential elements of a claim that are not pled. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992).

## 3.  DISCUSSION

### 3.1    Breach of contract.

To state a claim for breach of contract under Washington law, Sargsyan must plausibly allege (1) the existence of a valid contract that imposes a duty; (2) breach of that contractual duty; and (3) resulting damages. *Nw. Indep. Mfrs. v. Dep't of Lab. & Indus.*, 899 P.2d 6, 9 (Wash. Ct. App. 1995). Failure to identify the contractual provision allegedly breached is fatal to a breach of contract claim. *Haywood v. Amazon.com, Inc.*, No. C22-1094, 2023 WL 4585362, at *4 (W.D. Wash. July 18, 2023) ("Failing to identify a breached contractual provision dooms a breach of contract claim."); *Cole v. Amazon.com Serv. LLC*, 765 F. Supp. 3d 1154, 1164 (W.D. Wash. 2025) (dismissing breach of contract claim because plaintiff failed to "identify a contractual provision that Defendants allegedly breached").

Amazon contends that Sargsyan has failed to identify a specific provision of the COU that was violated.[1] The Court agrees. The amended complaint references the following provisions of the COUs: "Scope of Services," "Electronic Communications," "Pricing," and "Disputes." *Id.* ¶¶ 31–35. Even construing the amended complaint liberally, it is unclear how Amazon breached these provisions of the COU. The amended complaint also includes a section titled "Amazon's Breaches of the Contractual Framework," where Sargsyan makes broad allegations that Amazon "breached the contract," again without citing to a specific provision in the "contractual framework." But the FAC does not clearly identify which specific contractual provision imposed a duty that Amazon breached, or explain how the alleged conduct violated the terms of that provision.

The Court notes that Sargsyan's opposition identifies the COU's "Your Account" provision as a potential source of a contractual duty, arguing that it requires Amazon to properly process, track, and account for charges made to a customer's payment method. Dkt. No. 50 at 3, 6. But the provision does not say what Sargsyan says it says. *See* Dkt. No. 49-1. In any event, a complaint may not be amended through an opposition brief. *Schneider v. California Dep't of Corr.*, 151 F.3d 1194, 1197 n.1 (9th Cir. 1998) ("In determining the propriety of a Rule 12(b)(6)

---

[1] Plaintiff did not attach the COU to the FAC but references it extensively. Amazon submitted the COU through the declaration of counsel. Dkt. 49-1. Because the FAC's breach of contract claim is based on the COU, the Court considers it as incorporated by reference. *See United States v. Ritchie*, 342 F.3d 903, 908 (9th Cir. 2003) (a document may be incorporated by reference when the plaintiff refers extensively to it or it forms the basis of the claim).

ORDER GRANTING AMAZON'S MOTION TO DISMISS - 4

dismissal, a court may not look beyond the complaint to a plaintiff's moving papers, such as a memorandum in opposition to a defendant's motion to dismiss.").

Amazon's motion to dismiss Sargsyan's breach of contract claim is thus GRANTED.

### 3.2    Unjust enrichment.

Amazon also moves to dismiss Sargsyan's unjust enrichment claim. To state a claim for unjust enrichment under Washington law, Sargsyan must plausibly allege that (1) he conferred a benefit on Amazon; (2) Amazon appreciated or knew of the benefit; and (3) it would be inequitable under the circumstances for Amazon to accept or retain the benefit without paying Sargsyan for its value. *Cox v. O'Brien*, 206 P.3d 682, 688 (Wash. Ct. App. 2009).

Under Washington law, unjust enrichment "is the method of recovery for the value of the benefit retained absent any contractual relationship because notions of fairness and justice require it." *Young v. Young*, 191 P.3d 1258, 1262 (Wash. 2008) (emphasis added). Accordingly, "a party to a valid express contract is bound by the provisions of that contract, and may not disregard the same and bring an action on an implied contract relating to the same matter, in contravention of the express contract." *U.S. for Use & Benefit of Walton Tech., Inc. v. Weststar Eng'g, Inc.*, 290 F.3d 1199, 1204 (9th Cir. 2002) (applying Washington law). Courts in this district have consistently applied this rule. *See Pengbo Xiao v. Feast Buffet, Inc.*, 387 F. Supp. 3d 1181, 1191 (W.D. Wash. 2019) ("Where a valid contract governs the rights and obligations of the parties, unjust enrichment does not apply."); *Surface Art, Inc.*

*v. Tesserae Techs., LLC*, No. 2:24-cv-00924-TL, 2025 WL 1267433, at \*14 (W.D. Wash. May 1, 2025) (dismissing unjust enrichment with prejudice where undisputed contract between the parties covered the same subject matter); *Strategic Funding Source, Inc. v. Boonkur*, No. 3:25-cv-05220-TL, 2025 WL 3073089, at \*5 (W.D. Wash. Nov. 4, 2025) (same).

Sargsyan's own pleading forecloses his unjust enrichment claim. The FAC unequivocally alleges that "[a]n express electronic contract was formed between Plaintiff and Amazon pursuant to Amazon's published [COU] when Plaintiff used Amazon's checkout and payment systems and tendered payment." Dkt. No. 45 ¶ 49; *see* Dkt. No. 45 ¶¶ 28, 36. Sargsyan does not challenge the validity of the COU or suggest that they fail to cover the transaction at issue. Rather, his breach of contract claim rests entirely on the theory that the COU imposes obligations on Amazon with respect to the same $218,889 payment that forms the basis of his unjust enrichment claim. Having affirmed the existence of a binding contract, Sargsyan may not disregard it and pursue a quasi-contractual theory for the same matter. *Walton*, 290 F.3d at 1204. Although Rule 8(d)(2) permits alternative pleading, that rule contemplates genuine uncertainty about a contract's existence or validity—not the assertion of duplicative claims resting on the same contractual premise. *Cf. Smith v. Legal Helpers Debt Resolution, LLC*, No. 11-5054 RJB, 2011 WL 5166494, at \*9 (W.D. Wash. Oct. 31, 2011) (permitting unjust enrichment claim to proceed where plaintiff disputed the validity of the contract). Amazon's motion to dismiss the unjust enrichment claim is GRANTED.

ORDER GRANTING AMAZON'S MOTION TO DISMISS - 6

**3.3 Leave to amend.**

Amazon requests dismissal with prejudice. Dkt. 48 at 10. The Court declines. Sargsyan is proceeding pro se, this is his first amended complaint, and pro se litigants are ordinarily entitled to at least one opportunity to cure pleading deficiencies before dismissal with prejudice. *See Akhtar v. Mesa*, 698 F.3d 1202, 1212 (9th Cir. 2012).

A bit of guidance on any amended complaint: to adequately plead a breach of contract claim, any amended complaint must: (1) identify the specific provision(s) of the COU that Sargsyan contends imposed a duty on Amazon; (2) quote or describe the relevant contractual language; and (3) explain how Amazon's alleged conduct violated that provision. To the extent Sargsyan can reframe his unjust enrichment claim as a true alternative theory—for instance, by alleging that if no valid contract governs the transaction at issue, Amazon was nonetheless unjustly enriched—he may do so in an amended complaint.

**3.4 Foreign-language documents.**

Sargsyan's opposition brief relies on bank records that he contends are proof that he paid Amazon. These records are in Armenian. *See, e.g.,* Dkt. Nos. 50-2, 50-3. If Sargsyan relies on documents in languages other than English, he must provide the document with certified English translation, otherwise the Court will disregard the documents. *Ruiz v. Oliveira*, No. 17-cv-1914-DMS, 2019 WL 3082164, at *9 (S.D. Cal. July 15, 2019).

ORDER GRANTING AMAZON'S MOTION TO DISMISS - 7

## 4.  CONCLUSION

Accordingly, the Court orders:

1.  Amazon's motion to dismiss Sargsyan's First Amended Complaint is GRANTED. Dkt. No. 48.

2.  Sargsyan may file a Second Amended Complaint within FOURTEEN (14) days of this Order. Failure to timely file an amended complaint will result in case closure. The Clerk is directed to note this deadline on the Court's calendar.

3.  Pursuant to the Stipulated Briefing Schedule for Plaintiff's Amended Complaint, Dkt. No. 46, the prior motion to dismiss, Dkt. No. 43, is STRICKEN.

Dated this 4th day of March, 2026.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING AMAZON'S MOTION TO DISMISS - 8