The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

ARTUR SARGSYAN,

Plaintiff,

v.

AMAZON.COM, INC.,

Defendant.

No. 2:25-cv-01257-JNW

**DEFENDANT AMAZON.COM, INC.'S MOTION TO DISMISS PLAINTIFF'S FIRST CAUSE OF ACTION FOR BREACH OF CONTRACT IN THE SECOND AMENDED COMPLAINT**

NOTE ON MOTION CALENDAR:
April 20, 2026

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
FIRST CAUSE OF ACTION FOR BREACH OF
CONTRACT IN THE SECOND AMENDED COMPLAINT
CASE NUMBER 2:25-CV-01257-JNW

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE:  +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

## TABLE OF CONTENTS

**Page**

I.    INTRODUCTION ............................................................................................................. 1

II.   BACKGROUND ............................................................................................................. 1

    A.  Plaintiff's Factual Allegations ................................................................................. 1

    B.  Relevant Procedural History ..................................................................................... 2

III.  ARGUMENT ................................................................................................................. 3

    A.  Standard of Review..................................................................................................... 3

    B.  The SAC Still Fails to Identify the COU Provision that Amazon Allegedly
        Breached. ..................................................................................................................... 3

    C.  The SAC Should Be Dismissed with Prejudice. ...................................................... 5

IV.   CONCLUSION.............................................................................................................. 5

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
FIRST CAUSE OF ACTION FOR BREACH OF
CONTRACT IN THE SECOND AMENDED COMPLAINT
CASE NUMBER 2:25-CV-01257-JNW - ii

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

## <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..............................................................................................................3

*Cole v. Amazon.com Servs. LLC*,
   765 F. Supp. 3d 1154 (W.D. Wash. 2025)............................................................................3

*El v. Navy Fed. Credit Union*,
   No. C23-1408-JCC, 2024 WL 359067 (W.D. Wash. Jan. 31, 2024) .....................................3

*Haywood v. Amazon.com, Inc.*,
   No. C22-1094, 2023 WL 4585362 (W.D. Wash. July 18, 2023) .............................................3

*Landers v. Quality Commc'ns, Inc.*,
   771 F.3d 638 (9th Cir. 2014) ................................................................................................3

*Nw. Indep. Mfrs. v. Dep't of Lab. & Indus.*,
   78 Wn. App. 707, 899 P.2d 6 (1995).....................................................................................3

*Storey v. Amazon.com Servs. LLC*,
   No. C23-1529-KKE, 2024 WL 2882270 (W.D. Wash. June 7, 2024) .................................3, 5

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
FIRST CAUSE OF ACTION FOR BREACH OF
CONTRACT IN THE SECOND AMENDED COMPLAINT
CASE NUMBER 2:25-CV-01257-JNW - iii

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

Pursuant to Fed. R. Civ. P. 12(b)(6), Defendant Amazon.com, Inc. ("Amazon") hereby moves to dismiss the first cause of action for breach of contract in the Second Amended Complaint (ECF No. 53, the "SAC") filed by Plaintiff Artur Sargsyan ("Plaintiff").

## I.    INTRODUCTION

The Court's March 4, 2026 Order granting Amazon's motion to dismiss Plaintiff's First Amended Complaint (ECF No. 52) identified the specific facts Plaintiff must plead in an amended complaint to state a breach of contract claim.  Specifically, the amended complaint must (1) identify the specific provision(s) of the Conditions of Use ("COU") that Plaintiff contends imposed a duty on Amazon; (2) quote or describe the relevant contractual language; and (3) identify how Amazon's alleged conduct violated that provision.  (*Id*. at 7–8).  The SAC does not meet these basic requirements.  Plaintiff still fails to identify the contract provision Amazon allegedly violated.  Instead, Plaintiff invokes general terms—describing the scope of Amazon's platform, consent to electronic communications, Amazon's general billing practice, a returns policy, and a disputes/venue clause—and asserts that, when taken together, the terms create specific transactional duties that appear nowhere in the COU text.  This is insufficient.

Accordingly, Amazon moves to dismiss Count I of the SAC with prejudice pursuant to Rule 12(b)(6).  This is Plaintiff's third attempt to plead a claim for breach of contract, and the Court gave Plaintiff specific directions and ample opportunity to identify the contract terms Amazon breached.  Plaintiff has failed to do so, and the claim should be dismissed.

## II.    BACKGROUND

### A.    Plaintiff's Factual Allegations

Plaintiff, a resident of Armenia, alleges that on or about April 27, 2025, he attempted to purchase various consumer electronics on Amazon's marketplace and submitted payment using a Visa debit card issued by ArdshinBank.  (SAC ¶¶ 6, 12, 14).  He alleges his bank reflects a charge in the amount of $218,889.00 with a descriptor reading "AMAZON MKTPLACE PMTS, US." (SAC ¶¶ 15–17).  Plaintiff alleges that despite the charge, he did not receive an order confirmation

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
FIRST CAUSE OF ACTION FOR BREACH OF
CONTRACT IN THE SECOND AMENDED COMPLAINT
CASE NUMBER 2:25-CV-01257-JNW - 1

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

or order number and received no goods or refund. (SAC ¶¶ 19–20). Plaintiff asserts he received allegedly inconsistent responses after contacting Amazon. (SAC ¶¶ 26–29).

## B.    Relevant Procedural History

Plaintiff filed the original complaint on July 1, 2025. (ECF No. 1). Amazon filed a motion to dismiss on December 23, 2025. (ECF No. 43). Plaintiff filed opposition to the motion on December 24, 2025, (ECF No. 44) and a First Amended Complaint on December 29, 2025 (ECF No. 45). The parties filed a joint stipulation on January 9, 2026 that, among other things, mooted Amazon's original motion to dismiss (ECF No. 43) and Plaintiff's opposition (ECF No. 44). The Court entered and ordered the stipulation on January 12, 2026. (ECF No. 47).

Amazon filed a motion to dismiss the First Amended Complaint ("FAC") on January 26, 2026. (ECF No. 48). The Court granted the motion on March 4, 2026, without prejudice. (ECF No. 52). The Court found that, even construing the FAC liberally, the FAC "does not clearly identify which specific contractual provision imposed a duty that Amazon breached, or explain how the alleged conduct violated the terms of that provision." (*Id.* at 4–5). The Court also noted that Plaintiff's opposition brief had identified the "Your Account" provision as a potential source of contractual duty, but the Court found that "the provision does not say what Sargsyan says it says[.]" (*Id.* at 5). The Court granted Plaintiff leave to file a Second Amended Complaint within fourteen days. (*Id.* at 7–8).

Plaintiff filed the SAC on March 7, 2026. (ECF No. 53). The SAC again alleges Amazon breached the COU, which are publicly accessible here.[1] The Court, therefore, may consider this document when evaluating the instant Motion to Dismiss Plaintiff's SAC. (*See* Declaration of Abraham Weill in Support of Amazon's Motion to Dismiss Sargsyan's First Amended Complaint ("Weill Decl."), Ex. A (ECF No. 49-1)).

---

[1] https://www.amazon.com/gp/help/customer/display.html?nodeId=GLSBYFE9MGKKQXXM (Hyperlink offered pursuant to LCR 10(e)(12)).

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
FIRST CAUSE OF ACTION FOR BREACH OF
CONTRACT IN THE SECOND AMENDED COMPLAINT
CASE NUMBER 2:25-CV-01257-JNW - 2

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

## III.    ARGUMENT

### A.    <u>Standard of Review</u>

To satisfy Rule 12(b)(6), "a complaint must contain sufficient factual content 'to state a claim to relief that is plausible on its face[.]'" *Landers v. Quality Commc'ns, Inc.*, 771 F.3d 638, 641 (9th Cir. 2014) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  Plausibility requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).  Plaintiff cannot rely on "labels and conclusions[,]" "a formulaic recitation of the elements of a cause of action[,]" or "naked assertion[s] devoid of further factual enhancement." *Id.* (internal quotations omitted).  Plaintiff must instead allege *facts* that elevate each element of his claims from possible to plausible. *Id.* Although a *pro se* plaintiff may be entitled to a liberal reading of his complaint, he "must still satisfy the pleading requirements of Rule 8." *El v. Navy Fed. Credit Union*, No. C23-1408-JCC, 2024 WL 359067, at *1 (W.D. Wash. Jan. 31, 2024).

### B.    <u>The SAC Still Fails to Identify the COU Provision that Amazon Allegedly Breached.</u>

To state a claim for breach of contract under Washington law, Sargsyan must plausibly allege (1) the existence of a valid contract that imposes a duty; (2) breach of that contractual duty; and (3) resulting damages. *Nw. Indep. Mfrs. v. Dep't of Lab. & Indus.*, 78 Wn. App. 707, 712, 899 P.2d 6 (1995).  Failure to identify the contractual provision allegedly breached is fatal to a breach of contract claim. *Haywood v. Amazon.com, Inc.*, No. C22-1094, 2023 WL 4585362, at *4 (W.D. Wash. July 18, 2023) ("Failing to identify a breached contractual provision dooms a breach of contract claim."); *Cole v. Amazon.com Servs. LLC*, 765 F. Supp. 3d 1154, 1164 (W.D. Wash. 2025) (dismissing breach of contract claim because plaintiff failed to "identify a contractual provision that Defendants allegedly breached") (citing *Haywood*, 2023 WL 4585362, at *3; *Nw. Indep. Mfrs.*, 78 Wn. App. at 712); *Storey v. Amazon.com Servs. LLC*, No. C23-1529-KKE, 2024 WL

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
FIRST CAUSE OF ACTION FOR BREACH OF
CONTRACT IN THE SECOND AMENDED COMPLAINT
CASE NUMBER 2:25-CV-01257-JNW - 3

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

2882270, at *3–4 (W.D. Wash. June 7, 2024) (dismissing breach of contract claim with prejudice because the allegedly breached contractual obligations were "not supported by the undisputed provisions of the contract").

Despite receiving clear directions from the Court, Plaintiff's SAC fails to identify the specific COU provision that Amazon allegedly breached. As the Court found with respect to the FAC, the SAC still "does not clearly identify which specific contractual provision imposed a duty that Amazon breached, or explain how the alleged conduct violated the terms of that provision." (ECF No. 52 at 4–5). The SAC identifies five COU provisions as purported sources of contractual duty, but none supports Plaintiff's claim. The "Scope of Services" provision is an introductory clause establishing the existence of a framework agreement and identifying the services subject to it; it imposes no specific duty to create orders, generate confirmations, fulfill purchases, or refund payments. (ECF No. 49-1, Weill Decl., Ex. A). The "Electronic Communications" provision addresses consent to receive electronic communications and provides that electronic writings satisfy applicable legal formality requirements—it says nothing about order creation, payment processing, fulfillment obligations, or refund duties. (*Id*.). The "Pricing" provision states that Amazon "generally" does not charge a credit card until after an order has entered the shipping process. (*Id*.). This language describes Amazon's typical billing practice, not a warranty or obligation on the part of Amazon. (*Id*.). The "Returns, Refunds and Title" provision governs the process for returning completed transactions—it presupposes an existing order and returned goods and creates no free-standing duty to refund a payment where no order was ever created. (*Id*.). Finally, the "Disputes / Venue" provision addresses the venue for which claims against Amazon must be made, and the operative law; it imposes no duty on Amazon to create or record orders, provide order confirmations, or issue refunds. (*Id*.). And this Court already indicated that it was "unclear how Amazon breached" the provisions Plaintiff cited in his First Amended Complaint ("Scope of Services," "Electronic Communications," "Pricing," and "Disputes"). (ECF No. 52 at 4). In sum, none of the five provisions Plaintiff identifies—individually or collectively—contains

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
FIRST CAUSE OF ACTION FOR BREACH OF
CONTRACT IN THE SECOND AMENDED COMPLAINT
CASE NUMBER 2:25-CV-01257-JNW - 4

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON 98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

the specific duties Plaintiff asserts, and Plaintiff has yet again failed to identify the provisions Amazon breached. As such, Plaintiff's claim for breach of contract should be dismissed.

## C.    The SAC Should Be Dismissed with Prejudice.

Plaintiff has now filed three complaints. The Court provided explicit instructions to plead a claim for breach of contract, but the SAC did not follow those instructions: Plaintiff has been unable to point to any COU provision that imposes the duties he alleges or any provision Amazon has breached.

Courts in this district have dismissed breach of contract claims with prejudice where, as here, the plaintiff cannot identify a contractual provision supporting the alleged duties that were breached. *Storey v. Amazon.com Servs. LLC*, No. C23-1529-KKE, 2024 WL 2882270, at *4 (W.D. Wash. June 7, 2024) (dismissing breach of contract claim with prejudice). When the Court granted leave to amend in this case, it noted that pro se litigants are "ordinarily entitled to at least one opportunity to cure pleading deficiencies before dismissal with prejudice." (ECF No. 52 at 7 (citing *Akhtar v. Mesa*, 698 F.3d 1202, 1211 (9th Cir. 2012))). Plaintiff has now had that opportunity. The Court gave Plaintiff a roadmap that Plaintiff failed to follow. The reason is not a pleading deficiency—the duties Plaintiff seeks to enforce do not exist in the COU, and no further amendment will alter that result. Count I should be dismissed with prejudice.

## IV.    CONCLUSION

For the foregoing reasons, Amazon respectfully requests that this Court (1) grant its Motion to Dismiss Plaintiff's Count I (Breach of Contract) of the Second Amended Complaint pursuant to Rule 12(b)(6), and (2) dismiss Count I of Plaintiff's Second Amended Complaint with prejudice.

DATED March 23, 2026.

K&L GATES LLP

 s/ Abraham M. Weill
Abraham M. Weill, WSBA #58663
Peter A. Talevich, WSBA #42644

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
FIRST CAUSE OF ACTION FOR BREACH OF
CONTRACT IN THE SECOND AMENDED COMPLAINT
CASE NUMBER 2:25-CV-01257-JNW - 5

K&L GATES LLP
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022

K&L Gates LLP
925 Fourth Avenue Suite 2900
Seattle, WA  98104
Telephone:  (206) 623-7580
Facsimile:  (206) 623-7022
Email: peter.talevich@klgates.com
       abe.weill@klgates.com

*Attorneys for Defendant Amazon.com, Inc.*

I certify that this memorandum contains 1,651 words, in compliance with the Local Civil Rules.

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
FIRST CAUSE OF ACTION FOR BREACH OF
CONTRACT IN THE SECOND AMENDED COMPLAINT
CASE NUMBER 2:25-CV-01257-JNW - 6

**K&L GATES LLP**
**925 FOURTH AVENUE**
**SUITE 2900**
**SEATTLE, WASHINGTON  98104-1158**
**TELEPHONE: +1 206 623 7580**
**FACSIMILE: +1 206 623 7022**

## CERTIFICATE OF SERVICE

I hereby certify that on March 23, 2026, a copy of the foregoing document was filed electronically with the Clerk of the Court using the CM/ECF system, which will send a notice of electronic filing to all parties of record in this matter.

s/ Abraham M. Weill
Abraham M. Weill, WSBA #58663
K&L Gates LLP
925 Fourth Avenue Suite 2900
Seattle, WA  98104
Telephone:  (206) 370-5836
Email: abe.weill@klgates.com

DEFENDANT'S MOTION TO DISMISS PLAINTIFF'S
FIRST CAUSE OF ACTION FOR BREACH OF
CONTRACT IN THE SECOND AMENDED COMPLAINT
CASE NUMBER 2:25-CV-01257-JNW - 7

**K&L GATES LLP**
925 FOURTH AVENUE
SUITE 2900
SEATTLE, WASHINGTON  98104-1158
TELEPHONE: +1 206 623 7580
FACSIMILE: +1 206 623 7022